IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  4:17CR152 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| DUANE E. SPAGNOLA, | ) | SENTENCING MEMORANDUM |
| | ) | OF THE UNITED STATES |
| Defendant. | ) | |

The United States, by and through its counsel Justin E. Herdman, United States Attorney, and Assistant United States Attorney Ranya Elzein, respectfully submits this memorandum setting forth the United States' position regarding sentencing for Defendant Duane E. Spagnola. For the following reasons, and for those to be articulated at the sentencing hearing, the United States respectfully submits that the applicable Guideline range is 46 to 57 months' imprisonment and that a sentence within that range is appropriate.

**I.      Factual Background**

On July 10, 2017, Defendant Duane E. Spagnola pleaded guilty, without a plea agreement, to the Indictment charging him with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  This charge arose from a home visit conducted by the Adult Parole Authority ("APA") on February 21, 2017.  *See* PSR ¶¶ 4–8, Doc. No. 20.  At the time of

the offense, Defendant was on supervision to the APA following his release from imprisonment for his Attempted Felonious Assault conviction. *Id.* ¶ 4. During the home visit, parole officers found in Defendant's bedroom drug paraphernalia commonly used to aid in the injection of heroin, approximately $40 worth of heroin, and a fully loaded revolver hidden under a plastic garment closet. *Id.* ¶¶ 6–7. Defendant took ownership of the drug paraphernalia and heroin, and he stated that a friend gave him the firearm to sell. *Id.* ¶¶ 8–9.

## II. United States Sentencing Guidelines Calculation

Regarding the Guidelines applicable to this offense, the Presentence Investigation Report ("PSR") assigned a base offense level of 20. *Id.* ¶ 16. No specific offense characteristics or adjustments apply. *Id.* ¶¶ 17–20. The government anticipates recommending a three-level reduction for acceptance of responsibility under United States Sentencing Guideline § 3E1.1, so long as Defendant's conduct continues to reflect his acceptance of responsibility. Accordingly, Defendant's total offense level would be 17. The PSR assigned Defendant a Criminal History Category V. *Id.* ¶ 38. The applicable Guideline range is therefore 46 to 57 months.

## III. Defendant's Criminal History

Defendant objected to the initial PSR's assignment of criminal history points to the convictions identified in paragraphs 29, 34, and 35 of the PSR on the grounds that Defendant was not represented by counsel in those proceedings. The final PSR provides updated information about Defendant's representation, which renders Defendant's objection moot. Indeed, the probation officer has provided court records reflecting that Defendant was represented by counsel or waived his right to counsel for each of the proceedings.

Specifically, Defendant was represented by counsel for the proceedings identified in paragraph 29. *See* Docket Summary, Ex. A (identifying a public defender as Defendant's counsel). Defendant was also represented by counsel for the proceedings identified in paragraph

34.  *See* J. Entry, Ex. B (judgment entry stating "Defendant appeared with counsel or waived his/her right to counsel" and signed by Defendant's attorney).  Finally, Defendant knowingly, intelligently, and voluntarily waived his right to counsel for the proceedings identified in paragraph 35.  *See* Waiver of Rights ¶¶ 1, 12, Ex. C (explicitly waiving his right to counsel).  The PSR therefore properly applied criminal history points to the convictions in paragraphs 29, 34, and 35 and correctly calculated Defendant's criminal history.  *See United States v. Tucker*, 48 F. App'x 131, 132 (6th Cir. 2002) (uncounseled misdemeanor conviction may be assessed criminal history points where it resulted in imprisonment and defendant knowingly and intelligently waived his right to counsel); *United States v. Farley*, 23 F. App'x 235, 236 (6th Cir. 2001) ("If a defendant knowingly and intelligently waived his or her right to counsel in conjunction with a prior conviction, that conviction is not considered 'uncounseled . . . .'").

## IV. Application of the 18 U.S.C. § 3553(a) Factors

The government submits that a sentence within the applicable Guideline range will best satisfy the factors set forth in 18 U.S.C. § 3553(a).  Specifically, a sentence of imprisonment will provide just punishment for the offense and afford adequate deterrence to future criminal conduct by Defendant and others.  Indeed, Defendant has two prior convictions for Carrying a Concealed Weapon, one as recent as 2015.  *Id*. ¶¶ 28, 34.  His prior sentences for those convictions—180 days suspended and 180 days with 170 days suspended—were insufficient to deter him from again illegally possessing a weapon.  *See id*.  Notably, in this case, Defendant stated that a friend gave him the firearm to sell.  Indeed, the APA discovered multiple text messages and pictures of the firearm on Defendant's cellular phone.  *Id*. ¶ 7.  A Guideline sentence is therefore necessary to adequately deter Defendant from both possessing and selling firearms in the future.

A Guideline sentence will also provide Defendant an opportunity to receive substance abuse treatment, which will aid in his rehabilitation and address one of the drivers of his criminal activity.  *See* PSR ¶¶ 56–62.  For all of these reasons, and for those to be articulated at the sentencing hearing, the government requests the Court impose a sentence within the Guideline range.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney


By:   /s/ Ranya Elzein
      Ranya Elzein (OH:0090887)
      Assistant United States Attorney
      United States Court House
      801 West Superior Avenue, Suite 400
      Cleveland, Ohio 44113-1852
      (216) 622-3929
      (216) 522-8355 (facsimile)
      Ranya.Elzein@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 12th day of October 2017, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                       /s/ Ranya Elzein
                                       Ranya Elzein
                                       Assistant U.S. Attorney